THOS G. QUINN *v.* S. T. J. COLEMAN ET AL.

Courts of Foreign States—Jurisdiction of Person—Restraining Sale of Land
in this State—Defective Title.
    Where a deed to land in this state has been adjudged a mortgage by a
    court of an other state that court having jurisdiction of the person, may
    restrain the grantee in said deed from selling the land.

September 13, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The deed from Mrs. Frazer to Jno. Hill of the land in con-
troversy, dated in November, 1858, recites a consideration of
fifteen thousand dollars.

This deed, on petition of Frazer *v.* Hill, was adjudged to be a
mortgage by the Superior Court of Cincinnati, Ohio, where the
vendee, Hill, lived, and which had jurisdiction of his person, and
to restrain him from proceeding to sell said land under said deed,
or to execute the trust which it did, and said judgment and re-
straining order has never, so far as the record of said court shows,
been dissolved or discharged, and Frazer, having substantially
complied with the judgment of the court by paying the mortgage
debts, there is no apparent reason why the injunction should be
disturbed.

This injunction was in full force, so far as appears from the
record, when John Hill, by deed dated July 17, 1863, attempted
to convey this land to A. P. Hill for the recited consideration of
*two hundred dollars;* nor has it been since disturbed, so far as
appears in this record. A. P. Hill was the attorney of John Hill,
negotiated the loan to Frazer, drew the deed and power of attor-
ney from the latter to John Hill, drew the answer and conducted
John Hill's defense to Frazer's suit; therefore had full knowledge
of everything in the record, and must have known that the deed
of John Hill to him was in utter disregard of said injunction.

A. P. Hill claimed a fee of two hundred dollars from Frazer,
and claimed that this attached to John Hill's mortgage, as is
apparent from the latter's answer in the Ohio suit, and we must
presume that this deed from John Hill to him was for the purpose

of securing this claimed fee, notwithstanding the court had rejected it as a mortgage claim, and thus to obtain an illegal advantage, he caused his client to make an illegal deed, in violation of the order of injunction, and this illegality taints all the subsequet deeds.

The recited consideration of $200 in John Hill's deed to A. P. Hill for premises, his deed from Frazer recited a consideration of $15,000, was so wholly insignificant as to arouse a vigilant inquiry upon the part of even an ordinarily prudent subsequent vendee, and especially of Sower, whose deed from A. P. Hill bears the same date of John Hill's deed to A. P. Hill.

Frazer seems to have remained in posession of the land until some of the appellees, proceeding in the Kenton Circuit Court to foreclose their mortgage on these premises made by Frazer, had the premises put into a receiver's hands, to be rented out and the rents marshalled to pay on these mortgaged debts, Coleman having rented from the receiver, Quinn, by some means, seems to have gotten a tenant on the land after the court ordered it into a receiver's hands, but none of the vendees, from A. P. Hill down to him, seem ever to have held by possession. Miller, who seems also to be a lawyer by profession, and to have claimed a fee of $200 from old man Frazer, appears mainly to have been instrumental in procuring Quinn, the appellant, to purchase this land of Davis, who had purchased of Sower, not only telling Quinn that the title was good, when he knew the court had already decided that Frazer's deed to John Hill was a mortgage, and had enjoined him from selling the premises, but concealed from Quinn the pregnant fact that John Hill only held a mortgage, which was then fully discharged, but referred him to A. P. Hill, Miller's confederate in trying to wring from old man Frazer an unconscientious fee of $400, and thus Quinn was duped by those interested, which need not have been had he inquired of those tenants who had the place under rent from the receiver of the Kenton Circitu Court.

The facts and circumstances should have admonished any ordinarily prudent purchaser of the situation of this title, and if Quinn, who seems to have been an unsuspecting purchaser, has been overreached by Miller or A. P. Hill, he should look to them for reimbursement, as both of these gentlemen appear rather ungracefully upon this record.

---

---

The Circuit Court properly discharged Quinn's injunction and dismissed his petition.

Wherefore, the judgment is affirmed.

*Hawkins & Carlisle, for appellant.*

*Stevenson & Myers, for appellees.*